UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:20-CV-24-REW

JAMES R. PARSONS,                                                           PLAINTIFF,

V.                                    **OPINION AND ORDER**

JUDITH CHAFIN,                                                            DEFENDANT.

*** *** *** ***

The plaintiff, James Parsons ("Parsons"), moves for leave to supplement his expert disclosures to include an additional non-retained expert witness: John Gilbert, M.D. [R. 43, R 43-1]. Defendant Judith Chafin ("Chaffin") opposes the request. [R. 45]. For the reasons below, that motion is denied.

## I.

The Court's March 25, 2020 Scheduling Order directed Parsons to submit his expert disclosures and reports no later than June 1, 2020, and directed that Chaffin file the same no later than July 1, 2020.  [*See* R. 12]. Parsons filed his expert disclosures on May 29, 2020, and thus, properly complied with the Court's directives. [*See, e.g.,* R. 24]. Therein, Parsons named his treating physicians— Dr. Sujata Gutti, Dr. Greg Hackney, and Dr. Joshua Crum— as non-retained expert witnesses. [*Id.*]. On July 22, 2020, Parsons filed a motion seeking to "supplement" his expert disclosures with Dr. Gilbert, asking that the doctor be permitted to testify to his medical opinions— either at trial or by deposition—as to Parsons' injuries. In support thereof, the plaintiff represented that Dr. Gilbert is a neurosurgeon that was seen upon referral from Dr. Gutti, and further stated that he did not believe Chaffin was opposed to his desire to supplement. [R. 43 at 2].

Chaffin submits that the addition of Dr. Gilbert as an additional expert witness is no supplementation, but instead an entirely new and untimely expert witness opinion. [R. 45]. In response, Parsons contends that if the disclosure of Dr. Gilbert is not a supplement, then — at the very least— it can serve to rebut the defense's expert, Dr. Henry Tutt. [R. 47]  The Court examines both below.

## II.

Rule 26 of the Federal Rules of Civil Procedure requires that parties disclose the identity of any expert witness they intend to use at trial. Fed. R. Civ. P. 26(a)(2)(a). Of course, because new information can be acquired, Rule 26 requires parties to supplement their expert disclosures "in a timely manner" if they learn that the original disclosure "is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). In addition, *rebuttal* evidence may be offered if it is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) ..." Fed. R. Civ. P. 26(a)(2)(D)(ii).

In this case, the question turns on whether the additional report is either supplemental or rebuttal; and if so, whether the Court should grant Parsons leave to supplement his expert disclosures, or alternatively, consider Dr. Gilbert to serve as a rebuttal expert opinion. The defendant cites a case[1] that is instructive in analyzing the distinction between both rebuttal and supplemental opinions, and in particular, why this distinction matters:

---

[1] Defendant cites *Bentley v. Highlands Hospital Corp.*, No. 7:15-cv-97-ART-EBA, 2016 WL 5867496, at *10-11 (E.D. Ky. Oct. 6, 2016), which considered the imposition of Rule 37 sanctions and utilized a balancing test— first employed by Fourth Circuit and subsequently adopted by the Sixth Circuit— in discerning "[w]hat … it mean[s] for an untimely disclosure to be 'substantially justified' or 'harmless'." *Bentley*, 2016 WL 5867496 *10. Because the Court is merely considering whether or not to grant plaintiff leave, and seeks no imposition of sanctions, the Court does not employ the balancing test.

> [T]he rule [on supplementation] is not a license to freely amend expert reports to bolster a party's position. *See Luke v. Family Care & Urgent Med. Clinics*, 323 Fed.Appx. 496, 499–500 (9th Cir. 2009). Rather, supplementation is limited to "correcting inaccuracies" or "filling interstices" in an initial disclosure. *Munchkin, Inc. v. Playtext Prods., LLC*, 600 Fed.Appx. 537, 538 (9th Cir. 2015) (internal quotation marks omitted). Courts have therefore permitted parties to fill gaps in initial reports when they later learn of the missing information. *See, e.g., Dunning v. Bush*, 536 F.3d 879, 889–90 (8th Cir. 2008) (allowing supplemental report because it provided information that initial disclosure noted would have to be obtained through discovery). But courts have routinely rejected attempts to add new analyses, opinions, or theories under the guise of supplementation. *See, e.g., E.E.O.C. v. Freeman*, 778 F.3d 463, 467 n.7 (4th Cir. 2015); *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 836 (9th Cir. 2015); *Luke*, 323 Fed.Appx. at 500.
>
> …
>
> [S]imilarly … rebuttal opinions are limited in scope: [t]hey must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party['s]" expert disclosure. *Id*. The rebuttal expert "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State St. Bank & Trust Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013). But they may not "advance new arguments or new evidence" outside the scope of the opposing expert's testimony. *Blake v. Securitas Sec. Servs., Inc.*, 292 F.R.D. 15, 17 (D.D.C. 2013) (quoting *Larson v. Wisc. Cent. Ltd.*, No. 10-C-446, 2012 WL 368379, at *4 (E.D. Wisc. Feb. 3, 2012)).

*Bentley v. Highlands Hospital Corp.*, No. 7:15-cv-97-ART-EBA, 2016 WL 5867496, at *4-5 (E.D. Ky. Oct. 6, 2016). Thus, it would seem that the *fundamental* question that the Court must answer is whether Dr. Gilbert's expert opinion is a true rebuttal opinion, as envisioned above and "limited in scope[,]" or just a way of buttressing the plaintiff's case-in-chief with new evidence—calling it a "supplementation." *Id*. The Court concludes that it is neither.

As an initial matter, the Court notes that plaintiff first classifies his expert disclosure as supplemental (*see* R. 43-1), and then reclassifies it as rebuttal (*see* R. 47-5). But contrary to his assertions, the disclosure is not "supplemental" as Rule 26 perceives because the expert was not previously disclosed, and therefore, there is nothing to supplement. *See* Fed. R. Civ. P.

26(e). The disclosure of Dr. Gilbert is also not rebuttal, despite the plaintiff's assertion that it will be used to *rebut* the opinions of Dr. Henry Tutt.

The Federal Rules define a rebuttal expert as one who presents "evidence [] intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C). . . ." Fed. R. Civ. P. 26(a)(2)(D)(ii). "In the exercise of sound discretion, the district court may limit the scope of rebuttal testimony, to that which is directed to rebut new evidence or new theories proffered in the defendant's case-in-chief." *Benedict v. United States*, 822 F.2d 1426, 1428 (6th Cir. 1987) (permitting rebuttal testimony where evidence was new for rebuttal purposes to refute the accuracy and reliability of the party's expert); *see also Toth v. Grand Trunk R.R.*, 306 F.3d 335, 347 (6th Cir. 2002) (finding rebuttal evidence to be proper where "the rebuttal is offered to refute new evidence offered in defendant's case-in-chief"). Here, Parsons submits that Dr. Gilbert's testimony will be offered for the purpose of negating the defense's retained expert, Dr. Tutt, who opined that Parsons will "need[] no ongoing or future medical treatment" and —in essence— that Parsons is not seriously injured. [R. 47-5 at 1]. Further, he expects Dr. Gilbert to opine on the extent of Parsons' sustained injuries; specifically, whether he will need future medication, future treatment and whether either will necessitate further costs. [*Id.* at 2]. And of course, he seeks to have Dr. Gilbert testify on plaintiff's medical records. [*Id.*]. But Parsons offers a generic summary of statements and/or topics he seeks to have Dr. Gilbert give testimony on— the kind of testimony that can be offered by Parsons' already-disclosed treating physicians. Dr. Gilbert's testimony is not needed to rebut anything.

In sum, inasmuch as plaintiff seeks leave to supplement his expert disclosures or file the expert disclosures to rebut the opinion of Dr. Henry Tutt, both requests are denied.

## III.

For the stated reasons,

IT IS ORDERED that the Plaintiff's Motion for Leave to Supplement Expert Disclosures [R. 43] is DENIED.

Signed August 19, 2020.



Signed By:
Edward B. Atkins
United States Magistrate Judge